OPINION
{¶ 1} Defendant-appellant Robert Banschenbach appeals his sentence entered by the Ashland County Court of Common Pleas, following his conviction on one count of Burglary, a felony of the third degree, and three counts of Breaking and Entering, felonies of the fifth degree.
 STATEMENT OF THE CASE {¶ 2} Following appellant's entering a guilty plea to the aforementioned charges, the trial court imposed the statutory maximum five-year term for the burglary count, and the statutory maximum one-year term for each count of breaking and entering. The court further ordered that the sentences run concurrent to each other but consecutive to another sentence previously imposed in Richland County.
 {¶ 3} It is from that entry appellant prosecutes this appeal, assigning as error:
 {¶ 4} "I. The trial court erred in imposing statutory maximum terms of imprisonment consecutive to a sentence from another county, in violation of Mr. Banschenbach's right, pursuant toBlakely v. Washington, to have a jury make fact findings necessary under Ohio law to impose statutory maximum and consecutive terms of imprisonment. (Judgment Entry, June 20, 2005.)
 {¶ 5} "II. Because it failed at the sentencing hearing to state findings or reasons supporting its sentencing decision, the trial court erred when it imposed maximum sentences. (Transcript of April 29, 2005 Sentencing Hearing.)."
 I. {¶ 6} In his first assignment of error, appellant argues, in essence, that the trial court's imposition of maximum and consecutive sentences is unconstitutional pursuant to UnitedStates v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 7} Subsequent to the filing of briefs in the case at bar, the Ohio Supreme Court announced its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. InFoster the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61.
 {¶ 8} The Court in Foster found the same infirmity with respect to the procedure employed by a trial court imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and2929.41(A). Id. at paragraph 3 of the syllabus.
 {¶ 9} The Court found both provisions to be unconstitutional under the United States Supreme Court decisions in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, the Ohio Supreme Court inFoster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 10} The Court in Foster, supra, provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 11} "Under R.C. 2929.19 as it stands without (B) (2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66L.Ed.2d 328". Id. at ¶ 104-105.
 {¶ 12} Based upon Foster, we sustain appellant's first assignment of error.
 II. {¶ 13} Based upon our disposition of appellant's first assignment of error, we find appellant's argument herein to be moot.
 {¶ 14} Accordingly, appellant's sentence is ordered vacated and this case is remanded to the trial court for resentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
By Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's sentence is ordered vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision. Costs to appellee.